Filed 8/14/26  P. v. Marples CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| |
|---|
| **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.** |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D088034 |
| Plaintiff and Respondent, | (Super. Ct. No. BAF1700115) |
| v. | |
| VINCENT JAMES MARPLES, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Riverside County, Charles J. Koosed, Judge.  Dismissed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Sara J. Romano, Assistant Attorney General, Amanda J. Murray and Andrew M. Gibson, Deputy Attorneys General, for Plaintiff and Respondent.


In 2020, Vincent James Marples was convicted of first degree murder with the special circumstance of torture and sentenced to death.  His automatic appeal is pending before the California Supreme Court.  In December 2021, Marples brought a motion to stay the collection of victim

restitution imposed at sentencing under Penal Code section 1243, which the trial court denied without prejudice.[1]  In January 2025, Marples again moved for an order to stay victim restitution under section 1243.  In addition, Marples requested the California Department of Corrections and Rehabilitation (CDCR) reimburse restitution that had been deducted from his prison account.  The trial court initially granted the motion and request for reimbursement.  Shortly after, CDCR was notified of the order and filed a motion to reconsider and vacate only the portion of the order requiring it to reimburse Marples.  The court granted CDCR's motion, vacating the portion of the order requiring reimbursement.

On appeal from that order, Marples argues the trial court erred by denying his additional request to order that restitution was stayed, nunc pro tunc, from the date the court denied Marples's first motion.  After Marples filed his opening brief, the Attorney General moved to dismiss the appeal on the grounds that this court lacks jurisdiction and because the order denying Marples's request is not appealable.  After the motion to dismiss and Marples's opposition were filed, the Court of Appeal issued an order deferring a ruling on the motion to this panel.  As we explain, we conclude this court lacks jurisdiction and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2020, a jury convicted Marples of first degree murder and found true the special circumstance that the murder involved the infliction of torture.  On June 26, 2020, Marples was sentenced to death.  In addition, the trial court ordered that Marples pay restitution of $2,228.10 to

---

[1]    Subsequent undesignated statutory references are to the Penal Code.

the family of his victim under section 1202.4, subdivision (f). On July 13, 2020, Marples's death penalty judgment was automatically appealed to the California Supreme Court where it remains pending. (*People v. Marples*, Case No. S263315.)

On December 13, 2021, the deputy public defender that represented Marples at trial filed a motion in the trial court to stay the victim restitution order pending his death penalty appeal. Therein, Marples argued his judgment was stayed under section 1243, but that "any funds sent to [him were] being reduced by the CDCR for payment of the restitution fine and direct restitution" in violation of that statute. Marples asked the court to enter an "order instructing CDCR to comply with the automatic stay of judgment and cease taking deductions from money sent to Marples for the purchase of toiletries and other personal items."

The district attorney opposed the motion, arguing no stay was required because section 1243 imposed a stay automatically, as the Supreme Court had recently pointed out in *People v. Chhoun* (2021) 11 Cal.5th 1, 56, fn. 22 (*Chhoun*).[2] In addition, the district attorney asserted the motion was not proper because the CDCR was not a party to the action and Marples had not

---

[2]     *Chhoun* is also an automatic appeal of a death penalty case. In a footnote in the final section of the opinion discussing the defendant's claim that the sentencing court failed to consider his ability to pay in setting the felony restitution fine under section 1202.4, subdivision (b), the court rejected defendant's additional assertion that the trial court erred by not staying the restitution fine pending the appeal. The court stated, simply: "Defendant also argues his obligation to pay the fine should be stayed pending the finality of his automatic appeal, but, as he recognizes, an appeal to this court 'stays the execution of the judgment in all cases where a sentence of death has been imposed.' (§ 1243.) No additional stay is required." (*Chhoun, supra*, 11 Cal.5th at p. 56, fn. 22.)

shown he exhausted his administrative remedies to seek reimbursement of the restitution. After a hearing on March 18, 2022, the court denied the motion, finding it redundant and that relief was unnecessary because section 1243 imposed an automatic stay.

On January 14, 2025, the attorney appointed to represent Marples in his automatic appeal filed a second motion in the trial court to stay collection of the restitution while the appeal is pending. Therein, Marples asserted CDCR had continued to deduct restitution from his account, and that he had exhausted his administrative remedies via CDCR's " '602' grievance procedure," in which he had cited section 1243 and *Chhoun*, but been denied relief. Marples's counsel also explained Marples had filed a petition for writ of mandate himself in the trial court, which had been denied without prejudice by the court for failing to include all necessary information.

In his motion, Marples asserted the Supreme Court "now recognizes that the CDCR had narrowly construed section 1243 even after *Chhoun* was decided," and that the CDCR "needs to be explicitly directed to cease collection of direct victim restitution orders from inmates whose automatic appeals are pending." Marples included orders in two pending automatic capital appeals in which the Supreme Court had recently granted the defendants' application for stays of the collection of victim restitution.[3]

The trial court did not receive any opposition to Marples's motion, and on January 14, 2025, entered an order prepared by Marples's counsel staying the collection of restitution and ordering "all restitution, interest, and

---

[3] In both cases, *People v. Wozniak* (Case No. S237511) and *People v. Mills* (Case No. S206515), appointed death penalty counsel filed applications for stays directly in the California Supreme Court.

4

collection fees previously withdrawn from [Marples's CDCR trust account] refunded …."

On February 27, 2025, the CDCR, represented by the Attorney General, filed a motion to reconsider and modify the January 14, 2025 order. The Attorney General explained that CDCR had not been notified of Marples's request for a stay and reimbursement. The motion stated that CDCR had stayed collection of additional restitution while Marples's appeal was pending, but that the funds already collected could not be refunded because they had been transferred to the California Victim's Compensation Board and were no longer in CDCR's control. In addition, CDCR asserted that the law with respect to whether the collection of victim restitution should be stayed under section 1243 was not settled, *Chhoun* did not address repayment of restitution already paid to the victim, and other authority suggests that section 1243 stays only the execution of the death penalty and not the rest of the court's judgment.

Marples opposed CDCR's motion for reconsideration in two separate filings. Therein, Marples asked the court to make its order staying the collection of the victim restitution retroactive, nunc pro tunc, to the date of the court's denial of his prior motion to stay collection, March 18, 2022. The court conducted a hearing on the motion on March 4, 2025. At the conclusion of the hearing, the court granted CDCR's motion, vacating the portion of its order requiring CDCR to refund the restitution Marples already paid. During the hearing, the court stated that it had no ability to make the order retroactive, nunc pro tunc, since no stay had been issued at the time it denied Marples's first request. Marples filed a notice of appeal from the "denial of motion to return improperly-collected restitution under Penal Code section 1243."

5

After Marples filed his opening brief in this court, the Attorney General brought a motion to dismiss the appeal, asserting Marples did not have a statutory basis to support the appeal and the trial court lacked jurisdiction to consider Marples's request while his case is pending in the Supreme Court. Marples opposed the motion and Division Two of the Fourth District Court of Appeal, where Marples's appeal originated, issued an order deferring a ruling to this panel.[4]

DISCUSSION

We agree with the Attorney General that the trial court, and this court, do not have jurisdiction to consider the case while Marples's appeal is pending in the Supreme Court. "Filing of a notice of appeal ' " 'vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" [citation], thereby divesting the trial court of jurisdiction over anything affecting the judgment. [Citations.]" ' [Citations]. This rule applies to automatic capital appeals before the Supreme Court [citation] and 'prevents the trial court from rendering an appeal futile by conducting proceedings that may affect or alter the judgment.' " (*People v. Millsap* (2025) 114 Cal.App.5th 368, 375 (*Millsap*); see also *id.* at p. 378 [" ' "Capital cases are different."  They are exclusively within our [Supreme Court's] appellate jurisdiction.' [Citation.] ' " [B]ecause of the extreme nature of the penalty," ' our state Constitution vests appellate

---

[4]    The case was transferred to this division by order of the Supreme Court on April 22, 2026.

6

jurisdiction immediately and directly in our Supreme Court 'when judgment of death has been pronounced.' "].)

"There are several exceptions to this rule. Trial courts retain 'jurisdiction to vacate a void, but not a voidable, judgment' [citation], to correct clerical errors or matters not affected by the judgment [citations], to correct unauthorized sentences [citation], and to resentence criminal defendants where 'specific statutory avenues' authorize it [citations]. For example, statutes vest jurisdiction in trial courts to correct custody credits, fines, and fees (§§ 1237.1, 1237.2), make certain modifications of sentences (former § 1170, subd. (d)), and grant bail pending appeal (§ 1272, subd. (c))." (*Millsap, supra*, 114 Cal.App.5th at pp. 375–376, fn. omitted.)[5]

---

[5] *Millsap* rejected the defendant's argument that the superior court had jurisdiction to resentence him under section 1172.75 while his automatic appeal was pending in the Supreme Court. *Millsap* explained that "trial courts … interfere with the Supreme Court's exclusive jurisdiction when they 'overrule or set aside' a death penalty judgment or rule 'on any ground appearing upon the face of the record on appeal, and which is raised *or could be raised* on said appeal.' " (*Millsap, supra*, 114 Cal.App.5th at p. 379.) The parties agreed "the ameliorative provisions of current section 667.5, from which section 1172.75 resentencing derives, appl[ied] to defendant's judgment, which ' " 'ha[d] not yet reached final disposition in the highest court authorized to review it.' " ' " (*Millsap,* at p. 380.) *Millsap* held that the issue could be raised before the Supreme Court and if the trial court had "stricken the now-invalidated enhancement pending disposition of defendant's direct appeal, it would have 'interfered' with the [Supreme] Court's jurisdiction over the judgment." (*Ibid.*)

7

In this case, Marples has not shown that an exception to the exclusive jurisdiction rule applies. He does not contend his judgment is void or unauthorized, or that his appeal concerns a matter not affected by the judgment. Rather, he asserts that in his case, the trial court "retains certain powers over the parties and incidental aspects of the case, such as procedural steps in connection with preparation and corrections of the record and to order preservation of potentially discoverable evidence." However, his request is not a record correction nor is it related to evidence preservation.

Marples also contends the trial court "retains the power 'to correct its own records *nunc pro tunc* so as to make its record state what actually occurred.' " Marples then asserts he is "properly seeking to have the judgment corrected to make clear the stay of execution of the judgment under … section 1243 extends to cover and include a stay of the restitution orders." This request, however, is properly considered by the California Supreme Court in his automatic appeal. Indeed, as Marples's counsel pointed out in the trial court, the Supreme Court has recently granted applications to that court to stay the collection of victim restitution in two other pending

---

The question of the Supreme Court's jurisdiction over the resentencing issue presented in *Millsap* is currently pending review by the Supreme Court in *People v. Mataele* (Case No. S291019). There, the Supreme Court transferred the appeal to itself from Division Three of this district under California Rules of Court, rule 10.1000, subd. (a)(1)(A), and asked for briefing on whether it "has exclusive jurisdiction over this appeal, or whether this appeal may be decided by the Court of Appeal."

8

automatic capital appeals.[6]  (See *People v. Wozniak* (Case No. S237511) and *People v. Mills* (Case No. S206515).)

In addition, this court lacks jurisdiction to consider the trial court's denial of Marples's request to have the stay backdated because the denial is not an appealable order.  " '[T]here is no inherent or common law right of appeal, and an appeal from any ... order, by either the defendant or the People, must be expressly authorized by the Constitution or statutes. [Citations.]'  (6 Witkin and Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3137, pp. 3876–3877.)"  (*People v. Dethloff* (1992) 9 Cal.App.4th 620, 624.)  Post-judgment orders in criminal proceedings are authorized by section 1237, subdivision (b).  This provision states, "An appeal may be taken by the defendant … [¶] [f]rom any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subd. (b).)

Marples argues that the appeal is authorized by section 1237, subdivision (b) because it affects his substantial, "statutory right to have the judgment as to the stay of restitution orders clarified and enforced."  He

---

[6]     Marples argues that section 1243 and California Rules of Court, rule 8.312, which the Attorney General also cites as providing the trial court with jurisdiction to stay victim restitution, provided jurisdiction for the trial court to consider his request.  Section 1243, however, does not confer jurisdiction.  Rather, the statute automatically stays the execution of the sentence.  The provision states, in pertinent part, "An appeal to the Supreme Court or to a court of appeal from a judgment of conviction stays the execution of the judgment in all cases where a sentence of death has been imposed, but does not stay the execution of the judgment or order granting probation in any other case unless the trial or appellate court shall so order." (§ 1243.)  Rule 8.312, in turn, concerns the Court of Appeal's ability to stay execution of a *non-capital* judgment pending appeal.  The rule has no bearing on the trial court's ability to stay judgment in death penalty cases.

analogizes this right to cases involving restitution credits and property. Marples, however, explicitly states that he is appealing *only* the court's decision not to backdate the order granting the stay, and not the court's denial of his request for reimbursement. Thus, the only relief Marples seeks is an acknowledgment that the stay began when the trial court denied his first request for the stay on March 18, 2022.[7]

The acknowledgement Marples seeks, however, does not involve a substantial right because such an order would not affect his entitlement to reimbursement of the funds that have been paid to the victim's family. If he is ultimately exonerated, the victim restitution he has paid will be returned. On other hand, if his conviction is affirmed, the restitution that has been paid will not be returned, and he will owe the remaining balance of victim restitution imposed at judgment. In other words, Marples will receive a refund if his conviction is reversed or he will be obligated to pay the restitution if his conviction is upheld. Backdating the stay does not change his rights with respect to the funds and, thus, no substantial right is involved. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 ["Since the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order."].) Accordingly, the trial court's

---

[7] As the Attorney General points out, Marples does not explain why March 18, 2022 would be the operative nunc pro tunc date, and not the date on which his case was automatically appealed to the Supreme Court in July 2020, triggering the stay of judgment imposed by section 1243.

denial of his request to backdate the stay is not an appealable postjudgment order under section 1237, subdivision (b).[8]

DISPOSITION

The appeal is dismissed.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

BUCHANAN, J.

---

[8] Marples also argues the appeal is authorized by Code of Civil Procedure sections 128 and 187. These provisions, however, give the court the authority to enforce its own orders. These statutes do not create jurisdiction for this court to review a non-appealable order. Marples's citation to *Shorts v. Superior Court* (2018) 24 Cal.App.5th 709 does not lead us to conclude otherwise. That case concerned the scope of the superior court's ability to issue orders preserving discovery in accordance with section 1054.9 during the pendency of appeal where a sentence of death or life without the possibility of parole has been imposed. *Shorts* concluded the superior court had jurisdiction under Code of Civil Procedure section 187 to grant a "motion to preserve evidence potentially discoverable under … section 1054.9 during the pendency of an automatic appeal of a capital case to the Supreme Court." (*Shorts,* at p. 714.) *Shorts* does not provide a basis for jurisdiction here.